**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELAINE WANG,<br><br>Plaintiff,<br><br>v.<br><br>LUTHER BURBANK CORPORATION, VICTOR S. TRIONE, SIMONE LAGOMARSINO, RENU AGRAWAL, JOHN C. ERICKSON, ANITA GENTLE NEWCOMB, BRADLEY M. SHUSTER, THOMAS C. WAJNERT, and M. MAX YZAGUIRRE,<br><br>Defendants. | Civil Action No. 23-cv-01949<br><br>**COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMANDED** |

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Luther Burbank Corporation ("Luther Burbank" or the "Company") and the members of Luther Burbank's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Luther Burbank and Washington Federal, Inc. ("Washington Federal") and affiliates.

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on March 1, 2023 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Luther Burbank will merge with and into Washington Federal, with Washington Federal continuing as the surviving corporation (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on November 13, 2022 (the "Merger Agreement"), each Luther Burbank stockholder will receive 0.3353 shares of Washington Federal common stock (the "Merger Consideration").

3. As discussed below, Defendants have asked Luther Burbank's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, Piper Sandler & Co. ("Piper Sandler") in support of its fairness opinion.

4. It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Luther Burbank's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company's stock trades on the NASDAQ Stock Exchange, headquartered in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, an owner of Luther Burbank stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Victor S. Trione has served as a member of the Board since 1983 and is also the Company's founder and Chairman of the Board

11. Individual Defendant Simone Lagomarsino has served as a member of the Board since 2019 and is also the Company's President and Chief Executive Officer.

12. Individual Defendant Renu Agrawal has served as a member of the Board since December 2020.

13. Individual Defendant John C. Erickson has served as a member of the Board since 2017.

14. Individual Defendant Anita Gentle Newcomb has served as a member of the Board since 2014.

15. Individual Defendant Bradley M. Shuster has served as a member of the Board since 1999.

16. Individual Defendant Thomas C. Wajnert has served as a member of the Board since 2013.

17. Individual Defendant M. Max Yzaguirre has served as a member of the Board since 2021.

18. Defendant Luther Burbank is a California corporation and maintains its principal offices at 520 Third Street, 4th Floor, Santa Rosa, California 95401. The Company's stock trades on the NASDAQ Global Select Market under the symbol "LBC."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

20. The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. The Proposed Transaction

21. Luther Burbank operates as the bank holding company for Luther Burbank Savings and provides various banking products and services for real estate investors, professionals, entrepreneurs, depositors, and commercial businesses. The Company offers interest and noninterest-bearing transaction accounts, certificates of deposit, and money market accounts. It also provides commercial real estate loans, including first mortgage loans for the purchase, refinance, or build-out of tenant improvements on investor owned multifamily residential properties, as well as loans for the purchase, refinance, or improvement of office, retail, and light

industrial properties; single family residential loans; and a portfolio of 30-year fixed rate first mortgage and a forgivable second mortgage. In addition, the Company offers ATM, debit cards, online and mobile banking, and real estate investment services; and issues trust preferred securities. Luther Burbank was founded in 1983 and is headquartered in Santa Rosa, California.

22. On November 13, 2022, the Company and Washington Federal jointly announced the Proposed Transaction:

> SEATTLE--(BUSINESS WIRE)--Washington Federal, Inc. (NASDAQ: WAFD, "Washington Federal") and Luther Burbank Corporation (NASDAQ: LBC, "Luther Burbank") jointly announced today the signing of a definitive merger agreement ("Merger Agreement") pursuant to which Washington Federal will acquire Luther Burbank and its wholly-owned subsidiary, Luther Burbank Savings, in an all-stock transaction valued at approximately $654 million based upon the closing price of Washington Federal's common stock on November 11, 2022.
>
> Upon closing of the transaction, which was unanimously approved by the boards of directors of each of Washington Federal and Luther Burbank and is subject to shareholder and regulatory approval and other customary closing conditions, Luther Burbank shareholders will be entitled to receive 0.3353 shares of Washington Federal common stock for each share of Luther Burbank common stock they own. The transaction, which is anticipated to close as early as the second calendar quarter of 2023, will expand Washington Federal's franchise into California.
>
> "One thing I have learned is that you do not find the right deal - the right deal finds you. That is the case here," said Brent Beardall, President and Chief Executive Officer of Washington Federal. "It checks all the boxes. It creates scale. It creates a contiguous footprint from Seattle to Austin. Unlike so many comparable transactions, this transaction does not negatively affect our tangible book value and is accretive to forward-estimated earnings and capital. Frankly, the near-term positive impact to our financial position and physical footprints are bonuses, not our objective. Our objective is long-term value creation, which only happens if there is a harmony of people, values and culture, which we believe to be the case in this strategic transaction. We want everyone at our respective banks to know how excited we are to grow our team and serve our customers and communities together."

Mr. Beardall continued by noting "Both organizations are committed to lending within their footprints and serving as a source of strength for our clients looking to appropriately utilize leverage to purchase their homes and control their long-term need for shelter. Unlike many financial institutions, both WaFd Bank and Luther Burbank Savings are portfolio lenders, meaning that we originate mortgage loans to hold on our balance sheets because we fully appreciate the true value of investing in our clients and communities we serve over the long run. As part of the transaction, WaFd Bank is committing $1 million to support communities in Luther Burbank's California footprint. We look forward to engaging with our new community partners in this endeavor and showing that, together, Luther Burbank Savings and WaFd Bank are committed to our communities' vitality and success."

Simone Lagomarsino, President and Chief Executive Officer of Luther Burbank, commented, "We are very pleased to partner with Washington Federal, which we believe will lead to long-term value creation for our shareholders and the delivery of superior financial products and services to our clients and the communities we serve."

Victor Trione, Chairman of the Luther Burbank Board, commented "This truly is a great opportunity for our shareholders to reinvest in a larger proforma institution with a shared legacy and long-term perspective on value, customers and community."

Upon completion of the merger, the combined institution will have approximately $29 billion in total assets, $23 billion in total loans and $22 billion in total deposits with over 210 locations in Washington, California, Oregon, Idaho, Utah, Nevada, Arizona, Texas and New Mexico operated through its community bank subsidiary and approximately 2,400 full time employees.

Washington Federal and Luther Burbank management will review additional information regarding the transaction on a conference call beginning at 5:30 a.m. Pacific Standard Time on Monday, November 14, 2022. The call may be accessed by visiting the webcast link https://edge.media-server.com/mmc/p/s39mqx66, or by dialing (833) 630-1956 (toll-free) or (412) 317-1837 (international). A slide presentation to accompany management's commentary may be accessed from the web cast link above or from Washington Federal's or Luther Burbank's November 14, 2022 Form 8-K filings with the SEC or at either www.wafdbank.com or www.lutherburbanksavings.com.

> Washington Federal was advised in the transaction by Keefe, Bruyette & Woods, *A Stifel Company* as financial advisor and Davis Wright Tremaine LLP as legal counsel. Luther Burbank was advised by Piper Sandler & Co. as financial advisor and Holland & Knight LLP as legal counsel.

* * *

*Washington Federal, Inc. and Luther Burbank Corporation Announce Definitive Merger Agreement to Form a $29 Billion Asset Western US Bank*, BUSINESS WIRE (Nov. 13, 2022), https://www.businesswire.com/news/home/20221113005118/en/Washington-Federal-Inc.-and-Luther-Burbank-Corporation-Announce-Definitive-Merger-Agreement-to-Form-a-29-Billion-Asset-Western-US-Bank.

23. The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that Luther Burbank's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B. <u>The Materially Incomplete and Misleading Registration Statement</u>**

24. On March 1, 2023, Luther Burbank and Washington Federal jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*<u>Omissions and/or Material Misrepresentations Concerning Financial Projections</u>*

25. The Registration Statement fails to provide material information concerning financial projections by management and relied upon by the financial advisors in their analyses. The Registration Statement indicates that in connection with the rendering of its fairness opinion, Luther Burbank "used certain internal net income projections for Luther Burbank for the years ending December 31, 2022 through December 31, 2024, estimated net income for Luther Burbank for the twelve months ending September 30, 2025…and estimated dividends per share for the years ending December 31, 2023 through September 30, 2027, as provided by the senior management of Luther Burbank." (the "Projections"). Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that management provided to the Board and Piper Sandler. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig*., 924 A.2d 171, 201-03 (Del. Ch. 2007).

26. The Registration Statement, however, is completely devoid of any information concerning the Projections. This information is material as it served as a basis for Piper Sandler's financial analyses and fairness opinion that the Board relied on to approve the Proposed Transaction.

27. Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide all Projections that the Luther Burbank management provided to Piper Sandler that Piper Sandler used to conduct the financial analyses and to prepare its fairness opinion to the Company.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses for Luther Burbank*

28. With respect to Piper Sandler's *Comparable Company Analyses* for Luther Burbank and Washington Federal, the Registration Statement fails to disclose the financial metrics and multiples for each company selected by Piper Sandler for the analyses.

29. With respect to Piper Sandler's *Analysis of Precedent Transactions*, the Registration Statement fails to disclose the financial metrics and multiples for each transaction selected by Piper Sandler for the analysis.

30. With respect to Piper Sandler's *Net Present Value Analyses* for Luther Burbank, the Registration Statement fails to disclose: (i) net income projections for Luther Burbank for the years ending December 31, 2022 through December 31, 2024 and estimated net income for Luther Burbank for the twelve months ending September 30, 2025; (ii) estimated dividends per share for years ending December 31, 2023 through September 30, 2027; (iii) the terminal value of Luther Burbank; (iv) the inputs and assumptions underlying the earnings multiples ranging from 7.0x to 12.0x; (v) multiples of September 30, 2027 tangible book value ranging from 90% to 130%; and (vi) the inputs and assumptions underlying the discount rates ranging from 10.0% to 14.0%.

31. With respect to Piper Sandler's *Net Present Value Analyses* for Washington Federal, the Registration Statement fails to disclose: (i) net income estimates for Washington Federal for the fiscal years ending September 30, 2023 and September 30, 2024, and long-term annual earnings per share growth rate for the fiscal years ending September 30, 2025 through September 30, 2027; (ii) estimated dividends per share for years ending September 30, 2023 through September 30, 2027; (iii) the terminal value of Washington Federal; (iv) the inputs and assumptions underlying the earnings multiples ranging from 9.0x to 14.0x; (v) multiples of

September 30, 2027 tangible book value ranging from 140% to 190%; and (vi) the inputs and assumptions underlying the discount rates ranging from 8.0% to 12.0%.

32. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### On Behalf of Plaintiff Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100

33. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

35. Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things,

the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

36. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

37. Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

38. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**COUNT II**

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

39. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Luther Burbank within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Luther Burbank, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Luther Burbank, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Luther Burbank, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed

Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

43. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

44. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

46. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: March 7, 2023

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/s/ *Benjamin Y. Kaufman*
Benjamin Y. Kaufman
Rourke C. Donahue
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Email: kaufman@whafh.com
donahue@whafh.com

*Attorneys for Plaintiff*